UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CHARLES JOHNSON,** | : | |
| Plaintiff | : | CIVIL ACTION NO. 22-01536 |
| v. | : | (JUDGE MANNION) |
| **CITY OF WILLIAMSPORT**, et al., | : | |
| Defendant | : | |

# MEMORANDUM

Presently before the court is the Report and Recommendation ("Report") of Magistrate Judge Arbuckle, (Doc. 9), regarding the complaint of *pro se* Plaintiff Charles Johnson. (Doc. 1). After Plaintiff was granted leave to proceed *in forma pauperis*, (Doc. 7), the court issued a screening order, (Doc. 8), finding that, with one exception, the complaint failed to state a claim upon which relief may be granted, and permitted Plaintiff to file an amended complaint. Plaintiff did not file an amended complaint, and Judge Arbuckle then screened his original complaint pursuant to 28 U.S.C. §1915(e).[1] The instant report was filed on December 28, 2022. (Doc. 9).

---

[1] Section 1915(e)(2) of Title 28 of the United States Code provides:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—(A) the allegation of poverty is untrue;

*(footnote continued on next page)*

The Report finds that the complaint should be dismissed as to all claims but one: Plaintiff's Fourth Amendment §1983 false arrest claim against Defendant Steven Sorage[2] in his individual capacity, which claim the Report recommends be allowed to proceed. No objection has been filed to the Report, and the time within which objections were due has expired. For the following reasons, the Report, (Doc. 9), will be **ADOPTED IN ITS ENTIRETY**, and Plaintiff's complaint, (Doc. 1), will be **DISMISSED** with respect to every claim except for his Fourth Amendment §1983 claim against Defendant Sorage in his individual capacity.

### I.   STANDARD OF REVIEW

In order to accept a report and recommendation to which no timely objections have been filed, the court should "satisfy itself that there is no clear error on the face of the record." Fed. R. Civ. P. 72(b), advisory committee notes; see also *Univac Dental Co. v. Dentsply Intern., Inc.*, 702

---

or (B) the action or appeal— (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

[2] Plaintiff's complaint names as a defendant "Officer Sarage." The Report thus refers to "Defendant Sarage" while noting that the court believes Plaintiff was referring to Lycoming County Detective Steven J. Sorage. (Doc. 9, at 5 n.11). As Defendant Sorage has since filed an answer to Plaintiff's complaint, (Doc. 12), the court will use the spelling provided therein.

F.Supp.2d 465, 469 (M.D. Pa. 2010) (citing *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987) (explaining that, even absent objection, district judges should "afford some level of review to dispositive legal issues raised by the report" before adopting it)). In any event, the district court may accept, not accept, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. §636(b)(1); Local Rule 72.31.

II. DISCUSSION

Judge Arbuckle states the proper standard regarding the sufficiency of Plaintiff's complaint, so the court will not repeat it herein. Plaintiff names as defendants, in addition to Defendant Sorage, the City of Williamsport, the Mayor of Williamsport, Lycoming County, and other unidentified officials of those municipalities. (Doc. 1). In his action brought under 42 U.S.C. §1983, Plaintiff claims that these officials and entities violated his rights under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution. (Id.). A §1983 claim requires that a plaintiff "allege both a deprivation of a federally protected right and that this deprivation was committed by one acting under color of state law." *Woloszyn v. County of Lawrence*, 396 F.3d 314, 319 (3d Cir. 2005).

Plaintiff's Statement of Facts, (Doc. 1-1), describes a series of encounters with Defendant Sorage and other officials during which Plaintiff was served a subpoena, arrested, conveyed to the Lycoming County District Attorney's office, and questioned by an Assistant District Attorney. The Statement further details Plaintiff's later appearance as a witness at the criminal trial of his mother, his interactions with county officials at the court, and subsequent encounters outside his home. Plaintiff alleges that during these events, his constitutional rights were violated by state officials. The Report thoroughly summarizes Plaintiff's factual allegations. (Doc. 9, at 6–13).

Plaintiff requests an order stating that he was "illegally detained and denied due process of law, and that the defendants acted in total reckless disregard of" his and his son's constitutional rights. (Doc. 1). Plaintiff also requests compensatory and punitive damages.

Plaintiff alleges that he was not advised of his *Miranda* rights before questioning, in violation of the Constitution. (Doc. 1-1, ¶¶8, 19, 21). Judge Arbuckle explains that a violation of the *Miranda* rules, which are designed to safeguard the Fifth Amendment right against compulsory self-incrimination, does not itself constitute a constitutional violation. *See Chavez v. Martinez*, 538 U.S. 760, 771–72 (2003) (citing *Miranda v. Arizona*, 384

U.S. 436 (1966)). As Plaintiff does not allege that his statements were used against him in a criminal trial, any custodial interrogation he underwent cannot form the basis for a §1983 claim. *See Renda v. King*, 347 F.3d 550, 557 (3d Cir. 2003). The Report therefore recommends that Plaintiff's Fifth Amendment §1983 claims be dismissed against all Defendants.

Because Plaintiff names as Defendants the City of Williamsport and County of Lycoming, Judge Arbuckle analyzes his claims under *Monell v. Department of Social Services*, which allows a municipality to be held liable pursuant to §1983 where the municipality's own "policy or custom" works a deprivation of constitutional rights. 436 U.S. 658, 694 (1978). Judge Arbuckle notes that Plaintiff does not allege that any policy, custom, or failure to train by the City or the County deprived him of a constitutional right. The Report thus concludes that no claim has been stated against either entity, and recommends they be dismissed.

The Report also rejects Plaintiff's attempt to sue "known and/or unidentified" City of Williamsport officials, Williamsport "Police officials," unidentified Lycoming County officials, and "other unidentified detectives" of Lycoming County. (Doc. 1). Echoing his Screening Order,[3] (Doc. 8, at 16–

---

[3] The Screening Order reasons that Plaintiff's complaint does not satisfy the pleading requirement of Federal Rule of Civil Procedure 8(a)(2),
*(footnote continued on next page)*

17), Judge Arbuckle concludes that Plaintiff has not stated a §1983 claim against these officials in their individual capacities, and cannot "sue these groups as stand-ins for the individuals." (Doc. 9, at 20). Neither can Plaintiff sue these defendants in their official capacities: the Report explains that because official-capacity suits are treated as suits against the entity of which the officer is an agent, *Hafer v. Melo*, 502 U.S. 21, 25 (1991), and because Plaintiff has not stated a claim against the municipalities, as discussed above, Plaintiff has not stated a claim against these defendants in their official capacities. The Report thus recommends that these Defendants be dismissed.

---

which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." This showing must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Phillips v. County of Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The complaint here does not give these defendants fair notice of the claims against them. Although the Statement of Facts describes actions taken by various unnamed "officers," it does not differentiate any individual from the group so as to give fair notice. While Plaintiff need not by this point identify the officials by name, *see Hindes v. F.D.I.C.*, 137 F.3d 148, 155 (3d Cir. 1998) (noting that Doe defendants are used until discovery allows for identification), this type of group-claim, which "fails to separate out the liability for each defendant," is insufficient. *Hunter v. Barrett*, 2022 WL 18358884, at *7 (W.D. Pa. 2022); *Caristo v. Blairsville-Saltsburg School District*, 370 F. Supp. 3d 554, 569 n.21 (W.D. Pa. 2019); (Doc 8, at 17 ("It is not enough for Plaintiff to name as a Defendant a larger 'group' (e.g., Police Officials of Williamsport) that he believes these individuals may belong to.")).

Defendant also names as a Defendant the Mayor of Williamsport, Derek Slaughter. As the Report indicates, Defendant Slaughter is not mentioned in Plaintiff's Statement of Facts, and thus Plaintiff has not alleged any individual involvement by Slaughter in a deprivation of Plaintiff's rights. Therefore, no claim against Defendant Slaughter in his individual capacity has been stated. And because no claim against the municipality of Williamsport has been stated, Defendant Slaughter cannot be sued in his official capacity, either. The Report thus recommends that Defendant Slaughter be dismissed.

The Report last turns to Defendant Sorage. For the same reasons discussed with regard to the other defendants, the Report concludes that no claim has been stated against Defendant Sorage in his official capacity.

Judge Arbuckle further concludes that Plaintiff has failed to state a Fourteenth Amendment claim against Defendant Sorage in his individual capacity, because he has not given fair notice of the grounds upon which such a claim rests.[4] Judge Arbuckle also heeds the directive that "when government behavior is governed by a specific constitutional amendment, due process analysis is inappropriate." *Berg v. County of Allegheny*, 219

---

[4] The Report observes that while Plaintiff broadly claims that he was "denied due process of law," (Doc. 1, at 5), he does not specify what components of due process he was deprived of. (Doc. 9, at 23).

- 7 -

F.3d 261, 268 (3d Cir. 2000). The court relies on this latter basis in accepting the recommendation that Plaintiff's Fourteenth Amendment individual capacity claim against Defendant Sorage not proceed. While Plaintiff's complaint might be liberally construed to allege that Defendant Sorage's arrest worked a deprivation of liberty,[5] "the constitutionality of arrests by state officials is governed by the Fourth Amendment rather than due process analysis." *Id.* at 269. The Report accordingly analyzes Defendant Sorage's conduct pursuant to the Fourth Amendment.

In so doing, the Report finds that Plaintiff has stated a Fourth Amendment §1983 false arrest claim against Defendant Sorage in his individual capacity. Such a claim requires a showing that the officer "knowingly or deliberately, or with a reckless disregard for the truth, made false statements . . . in applying for a warrant" which were "material, or necessary, to the finding of probable cause." *Wilson v. Russo*, 212 F.3d 781, 787 (3d Cir. 2000). Plaintiff alleges that Defendant Sorage misled the District Attorney in obtaining a warrant for Plaintiff's arrest, by telling the DA that Plaintiff said he would rip up the subpoena and not testify at the trial, even

---

[5] Plaintiff alleges that Defendant Sorage, along with "other officers," arrested him at his home and drove him to Lycoming County courthouse despite his protest, leaving Plaintiff's seven-year-old son unsupervised. (Doc. 1-1, ¶¶4–11).

though Plaintiff had told Sorage he would attend the trial. (Doc. 1-1 ¶14). The Report concludes that these allegations are sufficient to state a §1983 claim for false arrest, and thus recommends that this claim be allowed to proceed and be remanded to Judge Arbuckle for further proceedings.

The court has reviewed the reasons presented by Judge Arbuckle for recommending that every claim in Plaintiff's complaint, except for the stated claim, be dismissed. Because Plaintiff has already been given leave to amend his complaint, (Doc. 8), the Report finds no basis to *sua sponte* recommend it again. *See Phillips v. County of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008) (explaining that a district court may dismiss if the plaintiff does not submit an amended pleading within the time given to do so). Moreover, as the Report underscores, Plaintiff's complaint will not be wholly dismissed: his Fourth Amendment §1983 false arrest claim against Defendant Sorage in his individual capacity remains. The Report thus recommends that the remainder of Plaintiff's claims be dismissed without leave to amend.

Because the court agrees with the sound reasoning that led the Judge his conclusions, as discussed above, and finds no clear error in the face of the record, the court will adopt the Report in its entirety.

### III. CONCLUSION

In light of the foregoing, Judge Arbuckle's Report, (Doc. 9), will be **ADOPTED IN ITS ENTIRETY**, Plaintiff's Complaint, (Doc. 1), will be **DISMISSED** without leave to amend regarding all of his claims except for his Fourth Amendment §1983 false arrest claim against Defendant Sorage in his individual capacity, and the case will be **RECOMMITTED** to Judge Arbuckle for further proceedings. An appropriate order shall follow.

*S/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE: September 18, 2023**
22-1536-01